## BATTLE *vs.* STEPHENS.

To authorize an injunction, the charges in the bill should not be argumentative, and inferential only from the facts stated.

A plaintiff in execution will not be restrained by a Court of Equity from collecting his money out of one of the defendants, even though he be security only upon the original debt.

In Equity in Sumter Superior Court. Decision made by Judge ALLEN, at the October Term, 1860.

On the 10th of May, 1860, Henry L. Battle filed his bill in Equity, in Sumter Superior Court, against Linton Stephens, Jesse B. Battle, Jr., John R. Evans and Samuel Dawson, in which he alleges:

That on the 1st day of May, 1857, the said Jesse B. Battle, Jr., and John R. Evans, as makers, and complainant as security, executed and delivered a promissory note of that date, payable to said Linton Stephens, due the 25th day of December, 1857, for the sum of $1,500; that immediately after the note became due, the complainant notified Mr. Connell, the agent of Stephens, to proceed to collect the said note out of the makers thereof; that on the 15th of July, 1858, suit was instituted on said note, and on the 21st day of April, 1859, a judgment was obtained against the said makers, and complainant as security; that a writ of *fieri facias* issued from said judgment on the 26th of April, 1859; that no effort was made to collect the amount due on the *fi. fa.* until the 5th day of January, 1860, when the *fi. fa.* was levied on

a house and lot in Americus, as the property of Jesse B. Battle, Jr., which property was regularly claimed by one Walter T. Davenport, on the 1st day of February, 1860; that on the 26th of March, 1860, and pending the claim, said *fi. fa.* was levied by the said Samuel Dawson, sheriff of said county, on a close carriage and harness, as the property of complainant; that on the 1st day of April, 1860, the claim of Davenport to the house and lot was withdrawn; that $1,000 has been paid on said *fi. fa.*, for which no credit has been entered on the same; that the house and lot if exposed for sale, would sell for more than sufficient to pay the balance due on the *fi. fa.*; that since the rendition of the judgment, Jesse B. Battle has had in said county of Sumter, three negroes worth $3,000, which might, and ought to have been levied on, if necessary to pay off said *fi. fa.*; that since the rendition of said judgment, complainant believes that Willis A. Hawkins, Esq., one of the attorneys of the plaintiff in *fi. fa.*, has paid over to said Jesse B. Battle, Jr., $4,000, which sum, or a part thereof, might have been applied to the payment of the sum due on the *fi. fa.*, if it had not already been paid off by said Jesse B. Battle, Jr., or said John R. Evans; that at the time the judgment was rendered, Evans owned a valuable body of land, which he has since sold for $6,000, or other large sum, and which land is subject to the *fi. fa.*, if it has not been paid off; that since the *fi. fa.* issued, Evans has been permitted to move from the county of Sumter, and to carry with him personal property worth ten thousand dollars, or other large sum, which the plaintiff would not have permitted, if the *fi. fa.* had not been paid off in full, and that said Evans owned a house and lot in Americus which is subject to the *fi. fa.*, if unpaid, which house and lot are worth $2,500, or other large sum; that from the facts aforesaid, complainant believes and charges, that said *fi. fa.*, though paid off, is on some account fraudulently kept open by the plaintiff in *fi. fa.* and the makers of said note, to defraud complainant out of the whole amount apparently due on said *fi. fa.*; that he, complainant, cannot prove the payment of

said *fi. fa.*, except one thousand dollars, without a discovery from the defendants to this bill.

The bill prays, amongst other things, that the sale of the carriage and harness be enjoined.

The injunction prayed for was granted.

Upon a rule taken for that purpose, and after argument had thereon, the injunction was dissolved, and this decision is the error alleged by the record in this case.

WORRILL & HAWKINS, for the plaintiff in error.

McCAY & HAWKINS, for the defendants in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

Linton Stephens recovered judgment for $1,500 against Jesse B. Battle and John R. Evans, as principals, and Henry L. Battle as security. The execution issuing on the judgment, was levied on a house and lot in Americus, in January, 1860, as the property of Jesse B. Battle, and claimed by Walter T. Davenport. In March, thereafter, the *fi. fa.* was levied on a carriage and harness, as the property of the security, Henry L. Battle. At the April Term, 1860, of the Court, Davenport withdrew his claim, and in May, 1860, a month only afterwards, Henry L. Battle filed this bill, alleging various reasons why the creditor, Stephens, should be compelled to make his money out of Jesse B. Battle's property, and that of the other principal. He infers, from the facts charged, that the debt is paid, and argues to show it might have been, and ought to have been satisfied. The difficulty is, he no where asserts that it was, except a $1,000, and that he admits he is able to prove without resorting to the conscience of the creditor for discovery.

But the main ground upon which he seeks to protect his property from sale is, that the house and lot which Davenport claimed is sufficient to discharge the execution after crediting it with the $1,000. Perhaps this is true, and that it will be sold, and the money so applied. The bill was filed before the plaintiff in *fi. fa.* had an opportunity of proceed-

ing with the levy.    But suppose the creditor sees fit to sell the security's property first, upon what principle will a Court of Equity interfere to prevent him ?    We know of none.    It is his legal right to do so.    Believing, as we do, that there is no distinct allegation in the bill, that the execution is paid, and that the ground to which I have alluded is not sufficient to sustain the injunction, we affirm the order of the Court dissolving the injunction.

We take no notice of the complaint, that the counsel was cut off by the Court from concluding his argument upon the motion, as it is not supported in point of fact by his Honor, the Judge.    He certifies, that he supposed the speech was finished ; and I can well understand how there should be an honest mistake in this respect.    I know, experimentally, that I am sometimes kept in painful suspense for several minutes, not being able to decide whether the argument is closed.    In such a case, counsel should suggest that he desired to be heard further, and, of course, the Court would readily accord the privilege.

Judgment affirmed.